UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LG ELECTRONICS, INC., et al.,<br><br>　　　　　Defendants. | Case No: C 13-4034 SBA<br><br>**ORDER**<br><br>Dkt. 58, 62 |

　　　　The parties are presently before the Court on Defendant's (1) Corrected Motion to Strike Plaintiff's Patent Local Rule 3 Disclosures, Dkt. 58, and (2) Motion to Strike Supplemental Patent Local Rule 3 Disclosures as Improper Under Patent Local Rule 3-6 and Stay Proceedings, Dkt. 62.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES both motions in their entirety.

　　　　Plaintiff Cypress Semiconductor Corporation ("Cypress") is a semiconductor company specializing in universal serial bus ("USB") controllers and capacitive user interface solutions, such as touchscreen and trackpad solutions for PCs and peripheral devices.  In this action, Cypress alleges that LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively "LGE") has infringed six of its patents relating to USB and touchscreen technology.  LGE denies that it infringes any of Cypress' patents, and has asserted counterclaims seeking a declaratory judgment that the Cypress patents are invalid and not infringed.

　　　　In accordance with Patent Local Rules 3-1 and 3-2, the parties agreed that Cypress would serve its infringement contentions and supporting document production by January

22, 2014, and LGE would file its invalidity contentions by March 10, 2014. Dkt. 48 at 8.[1] Cypress timely served its infringement contentions and accompanying document production on January 22, 2014.  Almost a month later on February 18, 2014, LGE complained to Cypress that its disclosures were deficient.  LGE proposed granting Cypress additional time to supplement its disclosures, provided that Cypress was willing to grant LGE a 45-day extension of the deadline for its Rule 3-3 invalidity contentions.  Cypress agreed to provide additional information regarding its infringement contentions, but refused to grant LGE the requested extension of time.  The parties continued to discuss the matter, to no avail.  However, given the impending deadline for its invalidity contentions (due on March 10, 2014) and the lack of a resolution, LGE opted to file a motion on March 6, 2014, to strike Cypress' infringement contentions.  On the same date, Cypress served its supplemental disclosures, in response to which LGE filed a second motion to strike the same on March 10, 2014.  In addition, LGE's second motion seeks a stay of the action until the aforementioned motions are resolved.

      The Court's Standing Orders expressly require the parties to meet and confer in good faith prior to filing any motion or request with the Court.  Although the parties claim they complied with this requirement, the Court is not so sanguine.  The instant dispute is one that reasonable and competent counsel should have been able to resolve without seeking judicial intervention.  To the extent that LGE took issue with the sufficiency of Cypress' infringement contentions, it should not have waited for almost a month—and only weeks before its invalidity contentions were due—to commence the meet and confer

---

[1] Patent Local Rule 3-1 requires a party alleging patent infringement to serve its Disclosure of Asserted Claims and Infringement Contentions "[n]ot later than 14 days after the Initial Case Management Conference . . . ."  The infringement contentions must, inter alia, include a detailed disclosure of the claims and accused devices at issue, the specific infringing conduct and the particular theory of infringement. See Patent L.R. 3-1(a)-(h). Along with its infringement contentions, the party asserting infringement must produce documents in support thereof. Id. 3-2.  "Not later than 45 days after service upon it of the 'Disclosure of Asserted Claims and Infringement Contentions,' each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions," which includes a specification of the prior art that allegedly anticipates each asserted claim or renders it obvious. Id. 3-3.

process with Cypress.  At the same time, Cypress ostensibly had no reasonable basis for refusing to agree to LGE's requested extension of time to serve its invalidity contentions.  In any event, even if Cypress were unwilling to extend LGE's deadline by 45 days, counsel should have been able to compromise and settle on a mutually agreeable extension.  Moreover, to the extent that LGE was facing an impending deadline to serve its invalidity contentions, it certainly could have sought leave of court to extend its disclosure deadline— which would have been a much more reasonable request, than striking Cypress' infringement contentions in their entirety.

Based on the record presented, the Court finds that allowing LGE additional time to prepare its invalidity contentions will ameliorate any prejudice resulting from Cypress' piecemeal disclosure of its infringement contentions.  Taking into account the amount of time that LGE has had to review Cypress' disclosures, the Court finds that an additional thirty days is an ample amount of time for LGE to prepare and serve its Rule 3-3 contentions.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendant's Corrected Motion to Strike Plaintiff's Patent Local Rule 3 Disclosures and Motion to Strike Supplemental Patent Local Rule 3 Disclosures as Improper Under Patent Local Rule 3-6 and Stay Proceedings are DENIED.

2. LGE shall serve its invalidity contentions, consistent with Patent Local Rule 3-3, within thirty (30) days of the date this Order is filed.

3. The parties shall meet and confer regarding a revised Case Management Schedule to accommodate the extension of time granted above.  By no later than April 25, 2014, the parties shall submit their revised, agreed upon schedule in the form of a stipulation and proposed order.

IT IS SO ORDERED.

Dated:  April 18, 2014

SAUNDRA BROWN ARMSTRONG
United States District Judge