UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>          Plaintiff and<br>          Counterclaim Defendant,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br>LG ELECTRONICS U.S.A., INC., and<br>LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br>          Defendants and<br>          Counterclaim Plaintiffs | Case No: C 13-4034 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING DETERMINATION OF PETITIONS FOR INTER PARTES REVIEW**<br><br>Dkt. 91 |

Plaintiff Cypress Semiconductor Corporation ("Cypress") brings the instant action against Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively "LG"), accusing them of infringing six of its patents. The parties are presently before the Court on Defendants' Motion to Stay Pending Determination of Petitions for Inter Partes Review. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **BACKGROUND**

Cypress is a San Jose-based semiconductor company specializing in universal serial bus ("USB") controllers and capacitive user interface solutions, such as touchscreen and trackpad solutions for PCs and peripheral devices. Compl. ¶ 9, Dkt. 1. Cypress holds the rights to U.S. Patent Nos. 6,012,103, 6,249,825, and 6,493,770, which pertain to USB

technology, and U.S. Patent Nos. 8,004,497, 8,059,015, and 8,519,973, which relate to touchscreens. Id. ¶¶ 13-19. LG markets and sells mobile phones and other electronic devices. Id. ¶ 21.

In or about April 2011, Cypress contacted LG, accusing it of manufacturing products that infringe the six aforementioned patents-in-suit, and proposing a business solution which involved entering into license agreements. Id. ¶ 24. The parties continued their negotiations through October 19, 2012, at which time LG asserted that there was no basis for LG's claims of infringement, and by extension, the proposed licensing agreements. Magee Decl. Exs. 5-6. Cypress took no further action until August 29, 2013, when it filed the instant suit for patent infringement against LG.

On December 19, 2013, the Court conducted an initial Case Management Conference at which time it scheduled a claims construction hearing to take place September 3, 2014. Dkt. 51. The Court did not set deadlines for fact and expert discovery or for motion practice, nor did it schedule dates for pretrial filings, a pretrial conference or trial. Upon subsequent stipulation of the parties, the Court continued the claims construction hearing to October 29, 2014. Dkt. 95. Briefing in connection with the claims construction hearing has been submitted and is now closed.[1]

Between August 15 and 27, 2014, LG filed six petitions for inter partes review ("IPR")—one petition for each of the six patents asserted in this lawsuit.[2] Three of the IPR petitions challenge the validity of the asserted USB patents (U.S. Patent Nos. 6,012,103, 6,249,825 and 6,493,770) and three of the IPR petitions challenge the validity of the asserted Touch Sensor patents (U.S. Patent Nos. 8,004,497, 8,519,973 and 8,059,015). The

---

[1] The Court vacated the claims construction hearing pending resolution of the instant motion.

[2] Effective September 16, 2011, the Leahy-Smith America Invents Act revised the inter partes reexamination proceeding, renaming it "inter partes review" and updating the corresponding procedures. See 35 U.S.C. §§ 311-319, Pub. L. No. 112-29, § 6(c), 125 Stat. 304-05 (Sept. 16, 2011). If the PTO grants a petition for IPR, the Patent Trial and Appeal Board ("PTAB") must complete the inter partes review within one year. 35 U.S.C. §§ 6(a)-(c), 316(a)(11).

petitions encompass all of the patent claims asserted in this lawsuit.  Jones Decl. Exs. A-K, Dkt. 92.  On October 29, 2014, LG filed the instant motion to stay pending IPR.  Dkt. 91.  The motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

A district court has the discretion to stay judicial proceedings pending reexamination of a patent.  Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008).  In determining whether to grant a stay pending reexamination, courts consider:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  Spectros Corp. v. Thermo Fisher Scientific, Inc., No. C 09-1996 SBA, 2010 WL 338093, *2 (N.D. Cal. 2010).

## III.    DISCUSSION

### A.     STAGE OF THE LITIGATION

There is a liberal policy in favor of granting motions to stay proceedings pending reexamination by the PTO, especially in cases that are still in the early stages of litigation.  Yodlee, Inc. v. Ablaise Ltd., No. C 06-7222 SBA, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009).  Among other things, a court may take into account whether:  (1) the parties have engaged in costly expert discovery and dispositive motion practice; (2) the claims have been construed by the Court;  and (3) a trial date has been set.  PersonalWeb Techs., LLC v. Apple Inc., -- F. Supp. 3d --, 2014 WL 4757816, *2 (N.D. Cal., Sept. 24, 2014).

Here, the action was filed approximately thirteen months ago on August 29, 2013.  There has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set.  Despite this, Plaintiff argues that this factor weighs against a stay on the grounds that significant discovery has taken place and that the claim construction briefing has been completed.  Dkt. 98 at 8-9.  Such progress, however, does not warrant denial of a request for stay.  See Intellectual Property I v. Tivo, Inc., 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (finding that although claims construction briefs had been filed, a stay was warranted where no

expert reports had been exchanged, no dispositive motions had been filed, and no depositions had been taken); accord PersonalWeb Techs., 2014 WL 4757816, *2 (granting motion to stay pending reexamination where discovery was not complete and no trial date had been set).

Equally unpersuasive is Plaintiff's contention that the IPR is in its early stages, and therefore, it is likely that the trial in this action would precede the conclusion of those proceedings. Dkt. 98 at 7-8. "In this Court's view, however, it is the stage of the instant action, not the reexamination, that is germane to whether a stay is appropriate." Pragmatus Telecom, LLC v. NETGEAR, Inc., No. C 12-6198 SBA, 2013 WL 2051636, * 2 (N.D. Cal. May 14, 2013) (citing cases). The Court thus finds that the fact that the stay is being sought early in the litigation militates in favor of a stay.

## B. SIMPLIFICATION OF THE ISSUES AND TRIAL

The second factor examines whether a stay will simplify the issues in question and trial of the case. As explained by the Federal Circuit: "One purpose of the reexamination procedure is to eliminate trial of [an] issue (when [a] claim is canceled) or to facilitate trial. . . . by providing the district court with the expert view of the . . . PTO . . . when a claim survives the reexamination proceeding." Gould, 705 F.2d at 1342; see Ho Keung Tse v. Apple Inc., No. C 06-6573 SBA, 2007 WL 2904279, *3 (N.D. Cal. Oct. 4, 2007) ("Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims."). Here, the record shows that LG filed six petitions for IPR, one for each of the six patents-in-suit. In the event that the PTAB grants relief on some or all of the petitions, the scope of this litigation may be narrowed, particularly since the petitions involve all of the patent claims alleged in this action. See AT & T Intellectual Prop. I v. Tivo, Inc., 774 F. Supp. 2d 1049, 1053 (N.D. Cal. 2011).

Cypress contends that, based on its review of the petitions, "[i]t is likely that at least one of the six patents-in-suit will not be subject to IPR and there is only a very low chance

that every claim will be invalidated." Dkt. 98 at 10. It further contends that even if the IPR petitions are granted on the asserted claims, invalidity issues will remain for trial. Dkt. 98 at 10. Cypress' assertion that the IPR will necessarily be resolved in its favor is unsupported and amounts to little more than speculation as to the outcome of the IPR proceedings. Moreover, even if some of Cypress' claims survive IPR, the Court will still benefit from the PTAB's rulings. AT & T Intellectual Prop. I, 774 F. Supp. 2d at 1053. Accordingly, the Court finds that this factor favors a stay.

### C. PREJUDICE AND TACTICAL CONCERNS

Cypress contends that LG unduly delayed in pursuing IPR of the patents-in-suit and has engaged in dilatory tactics intended to "derail" the litigation. Dkt. 98 at 7, 13. First, Cypress complains that LG filed its IPR petitions close to the end of the statutory one-year limitations period. 35 U.S.C. § 315(b) ("inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent."). However, the fact that it did so close to the end of that period does not demonstrate undue delay. Evolutionary Intelligence LLC v. Yelp Inc., No. 13-3587 DMR, 2013 WL 6672451, *9 (N.D. Cal. Dec. 18, 2013) ("just as Plaintiff was entitled to institute this litigation under federal patent law, Yelp was entitled to timely invoke the reexamination process.").[3]

Second, Cypress contends that a stay will result in prejudice due to the loss of market share. Dkt. 98 at 14-15. Although tacitly conceding that LG is not a direct competitor, Cypress alleges that it sells touchpad control solutions to an LG competitor, Samsung (which uses Cypress' technology in its mobile devices). Cypress claims that "LG's continued infringement directly harms Cypress customers that are LG's competitors,

---

[3] Cypress notified LG of its alleged infringement of the patent-in-suit in April 2011. LG could have sought reexamination at that time or on or after September 2012, when the IPR first became available. Dkt. 98 at 14. However, at least through early October 2012, the parties were engaged in negotiations to resolve Cypress' claims of infringement. Magee Decl. Ex. 6, Dkt. 98. On October 8, 2012, Cypress emailed LG, denying infringement and declining its invitation to enter into a licensing agreement. Id. LG did not take further action until August 12, 2013, when it filed the instant lawsuit.

and will cause Cypress to lose market share to its competitors." Dkt. 98 at 15.  It is not entirely clear from Cypress' argument precisely *how* a stay—as opposed to LG's alleged infringement—necessarily prejudices Cypress.  That aside, Cypress' contention is factually unsupported and any claim of prejudice is otherwise undermined by its tacit admission that Cypress and LG are not *direct* competitors.  Smartflash LLC v. Apple, Inc., No. 6:13-cv-447, 2014 WL 3366661, *5 (E.D. Tex. Jul. 8, 2014) ("Since Smartflash is not a direct competitor, it would not suffer the same prejudice from a stay as a party would if it risked losing market share and goodwill. There may be some prejudice from loss of licensing or collecting new evidence but it could potentially be compensated for through monetary damages.").

Finally, Cypress asserts that the loss of evidence supports the denial of LG's request for stay.  Dkt. 98 at 12.  More specifically, Cypress contends that LG has destroyed source code during the course of the litigation.  Id.  LG admits that some code may have been lost during the switch to a new source code vendor, but that the data is only potentially relevant to an "isolated" issue, and that the loss was inadvertent and will not recur. Dkt. 99 at 9. Regardless of whether the alleged spoliation of evidence was intentional, it is unclear how the loss of source code is germane to whether a stay will unduly prejudice Cypress.  Indeed, based on the record presented, the potential for losing data is the same, regardless of whether or not the Court's stays the action.  The Court finds that the third factor relevant to the Court's assessment favors a stay.

## IV.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motion to Stay Pending Determination of Petitions for Inter Partes Review is GRANTED.  The action is STAYED and ADMINISTRATIVELY CLOSED pending completion of IPR.  Within seven (7) days of the PTAB's issuance of a final decision on all of the petitions for IPR challenging the patents in suit, the parties shall file a joint status report informing the Court of such decisions.  The report shall also include a request for the scheduling of a Case Management

1 Conference and shall propose a schedule for the remainder of the case.  In addition, every
2 90 days, the parties shall file a joint status report advising then Court of the status of the
3 IPR proceedings.
4     IT IS SO ORDERED.
5 Dated:  10/28/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge